IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1029

Filed 1 July 2026

Vance County, No. 23CVS001277-900

K. LEE BUILDERS, INC., Plaintiff,

v.

THOMAS SCOTT BARNES, Defendant.

Appeal by defendant from judgment entered 21 March 2025 and order entered 18 June 2025 by Judge Brian C. Wilks in Vance County Superior Court.  Heard in the Court of Appeals 3 June 2026.

*Banzet, Thompson, Styers & May, PLLC, by Mitchell G. Styers, and Simpson Law Firm, PLLC, by Benjamin S. Gurlitz and R. Shane Walker, for plaintiff-appellee.*

*Haynsworth Sinkler Boyd P.A., by Lindsey E. Powell, Todd A. Jones, and Christian Lunghi, for defendant-appellant.*

ARROWOOD, Judge.

Thomas Scott Barnes ("defendant") appeals from judgment entered following trial, wherein a jury determined that defendant breached a construction contract with K. Lee Builders, Inc. ("plaintiff"), and from the Status Quo Order obliging the Clerk of Court to retain funds defendant deposited pursuant to a Cash Bond, pending disposition of this appeal.

I.      Introduction

Defendant entered a construction contract with plaintiff, a licensed general contractor. The contract was executed and signed by the parties on or around 1 August 2022, and it set out the parties' responsibilities in connection with the construction of a home on defendant's real property in Henderson. Plaintiff was obligated to supervise construction, furnish all necessary labor and materials, pay taxes and procure licenses and permits, comply with construction laws and regulations, complete clean-up, and take all reasonable safety precautions. The contract contained a warranty of fitness as to all equipment and materials used, a warranty of workmanlike performance, and a one-year warranty from the date of a certificate of occupancy. The contract permitted plaintiff to terminate the contract in the event defendant failed to make a required payment, while permitting defendant to terminate the contract in the event plaintiff failed to perform its duties under the agreement and then failed to cure its default within thirty days, but required defendant to pay for all work performed to date, minus any unpaid portion of plaintiff's builder's fee.

Plaintiff first "broke ground" in the construction project on 2 November 2022. During February 2023, while construction was ongoing, defendant raised concerns about plaintiff's sealing of the basement, and plaintiff attempted fixes which ultimately did not satisfy defendant. Amid this conflict, plaintiff continued to work on the property until at least 13 September 2023.

On 4 October 2023, plaintiff filed a Claim of Lien on Real Property pursuant

to N.C.G.S. § 44A-12, *et seq*, asserting a claim of $53,410.76, plus interest, attorney's fees, and costs, against defendant's real property. The filing incorrectly recorded the date that labor was first furnished as 5 September 2022 and incorrectly recorded the date the labor was last furnished as 25 August 2023. The filing certified that defendant was served in accordance with statute.

On 14 December 2023, plaintiff filed its Complaint in this dispute, repeating the above incorrect labor dates, and alleging that defendant materially breached their contract by failing to pay $53,410.76, causing plaintiff to cease performance. Plaintiff sought recovery of this amount in actual damages plus interest and costs, judgment against defendant in the above amount for the reasonable value of services plus reasonable legal fees expended to enforce the claim, and requested that the judgment constitute a lien against defendant's real property. Plaintiff also filed Notice of Lis Pendens noting the filing of its Complaint. Plaintiff filed an Affidavit of Service of Process as to the summons and complaint and Notice of Lis Pendens on 11 January 2024.

On 24 January 2024, defendant filed a Cash Bond to Discharge Mechanics Lien and deposited $53,410.76 with the Clerk of Superior Court in Vance County. On 31 January 2024, defendant filed his Answer and Defenses and Counterclaims alleging causes of action for breach of contract, breach of express warranty, breach of implied warranty, fraud, unfair and deceptive trade practices, and punitive damages.

On 17 January 2025, following discovery and depositions, plaintiff moved for

Summary Judgment. Defendant moved for Judgment on the Pleadings on 10 February 2025, alleging that plaintiff's claim of lien was fatally defective due to failure to include "all substantive and procedural requirements necessary" and requesting an order granting attorneys' fees and damages resulting from cloud on title. Defendant also moved for Summary Judgment, arguing that the incorrect date of first furnishing failed to perfect plaintiff's lien, and that the lien was fatally defective. Defendant again moved for Summary Judgment on 28 February 2025 "with respect to whether Plaintiff has breached the contract at issue[.]"

The court heard oral arguments from both parties in a pretrial hearing on 10 March 2025. Defendant's counsel argued that the lien had been fatally defective and was therefore unenforceable, because the "dates of first and last furnishing on a lien are critical because when a lien is enforced, the lien will be held to relate back and become effective from the first date of the furnishing" and that "[n]obody searching the records and looking at the lien in the Complaint would have reason to know that these dates are false." Accordingly, if "contractors are allowed to put false dates of furnishing on their lien, it sends a message to any other contractor that they don't need to be accurate with respect to the dates" and could thereby "establish false lien priority" and "sidestep the strict statutes [setting out] the time in which they [must] enforce the lien."

Plaintiff's counsel argued that, as a matter of statute, the matter was moot because the lien was cancelled when defendant filed his cash bond in the sum

equaling the claim. Plaintiff's counsel also pointed out that no other parties were "dependent on this lien date" and that because plaintiff had no claim regarding work performed outside those dates, defendant would not have been prejudiced.

The court granted defendant's first Motion for Summary Judgment in open court because "the dates [in plaintiff's Complaint] are not in compliance with the statute." However, the following day, the court announced that this was mistaken: "The Court, having time to reflect on that and do further research . . . It was simply a wrong beginning and end date that the Court will modify . . . to correspond with the evidence as brought out through arguments and further discovery." Following further argument, the court found "that the defendant was put on notice of the subject matter of the lien, that the error is not a fatal error[.]" The court "in a sanction for the error in its discretion, will comport the dates to the evidence presented as to timeframe, which under [N.C.G.S. §] 44A-16, the lien was discharged, which makes the plaintiff's claim to enforce that lien a moot point." The court noted defendant's objection.

On 11 March 2025, the Court issued a written Order allowing plaintiff's Motion for Summary Judgment on defendant's claims for breach of warranty and breach of implied warranty and denying the Motion on defendant's claims of breach of contract, unfair and deceptive trade practices, fraud, and punitive damages. The Court also issued a written Order denying defendant's Motion for Summary Judgment as to breach of contract.

Following trial, the jury found that defendant breached the construction contract by non-performance, entitling plaintiff to recover $53,410.76. The jury found that plaintiff did not breach the contract by non-performance or cause defendant to suffer damages by plaintiff's actions, and that defendant was not entitled to recover any amount from plaintiff. The court entered judgment in accordance with the verdict on 21 March 2025, retaining jurisdiction to hear motions as to attorney's fees and costs.

On 14 April 2025, defendant filed a Rule 59 Motion requesting alteration of the judgment or a new trial. On 17 April 2025, defendant filed notice of appeal from the above judgment. Following a hearing on the Rule 59 Motion, the court entered a Status Quo order, concluding that due to defendant's appeal, the court lacked jurisdiction over the Motion, and that the Clerk of Court should retain the funds deposited alongside defendant's bond pending disposition of the instant appeal.

On 15 July 2025, defendant noticed appeal from the Status Quo order. On 2 September 2025, this Court ordered defendant to file his appeals in a single record, which was then settled by stipulation and docketed on 6 November 2025.

## II. Discussion

On appeal, defendant argues that the trial court erred in denying his Motion for Summary Judgment as to plaintiff's lien enforcement claim, in restraining defendant's bond pursuant to the Status Quo Order pending the outcome of this appeal, and in denying his Motion for Judgment on the Pleadings. We discuss each

argument in turn.

A.    Plaintiff Failed to Establish a Valid Claim of Lien

We review *de novo* a trial court's order on summary judgment. *Davis & Taft Architecture, P.A., v. DDR-Shadowline, LLC*, 268 N.C. App 327, 332 (2019) (citing *Shroyer v. Cty. of Mecklenburg*, 154 N.C. App. 163, 167 (2002)). "We view the pleadings and all other evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor." *N.C. Farm Bureau Mut. Ins. Co. v. Sadler*, 365 N.C. 178, 182 (2011)). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c). "An issue is genuine if it can be proven by substantial evidence and a fact is material if it would constitute or irrevocably establish any material element of a claim or a defense." *Id.* (cleaned up).

The requirements for filing and perfecting a claim of lien on real property are provided by N.C.G.S. § 44A-12, which states that "[a]ll claims of lien on real property *must be filed using a form substantially as follows*[,]" including the names and addresses of the parties involved, general descriptions of the property and work, and the following:

> (5) Date upon which labor or materials were first furnished
> upon said property by the claimant:
> (5a) Date upon which labor or materials were last

furnished upon said property by the claimant:

N.C.G.S. § 44A-12(c) (emphasis added).

A claim of lien on real property is perfected once filed and a copy is served upon the property's record owner. N.C.G.S. § 44A-11(a). However, "a lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed by law." *Strickland v. Gen. Bldg. & Masonry Contractors, Inc.*, 22 N.C. App. 729, 731 (1974) (citation omitted).

"When a lien is validly perfected, and is subsequently enforced by bringing an action within the statutory period . . . the lien will be held to relate back and become effective from the date of the first furnishing of labor or materials under the contract, and will be deemed perfected as of that time." *Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 667 (1978). A claim of lien cannot be amended, so the lien claimant is bound by the claim of lien as filed. N.C.G.S. § 44A-12(d); *see also Brown v. Middleton*, 86 N.C. App. 63 (1987).

Here, we ask whether a claim of lien substantially complies with statute where both dates of furnishing are plainly incorrect. If the claim of lien was legally insufficient, it would have been proper to grant summary judgment as to the lien enforcement claim. "The claim of lien is the foundation of the action to enforce the lien, and if such lien is defective when filed, it is no lien." *Mebane Lumber Co. v. Avery & Bullock Builders, Inc.*, 270 N.C. 337, 341 (1967) (citation omitted).

In a recent case, where a plaintiff's claim of lien omitted *any* date of final

furnishing, we held that this date was required and that the lien was therefore legally deficient. *Fine Line Homes, LP v. Luthra*, 298 N.C. App. 670, 674 (2025). As in the instant case, the plaintiff argued that only substantial compliance was necessary under § 44A-12 and that the filing was legally sufficient. We disagreed and held that the claim of lien required a correct date of final furnishing "to determine whether the contractor has brought both the filing and the enforcement action within the statutory time period, which must be completed in order to perfect and enforce a mechanic's lien." *Id.* at 675. In rejecting the plaintiff's argument, the Court stated:

> While Plaintiff correctly provides that the Legislature used the phrase "must be filed using a form substantially as follows," the statutory history suggests, and our case law confirms, the Legislature amended N.C.G.S. § 44A-12 in 1977, "whereby subsection (c)(5a) was added to require that all claims of lien state the date upon which labor or materials were last furnished."
>
> Accordingly, because the date of furnishing is necessary to the perfection and enforcement of a mechanic's lien, and because this Court has provided that section (c)(5a) was added by the Legislature "to *require* that all claims of lien state the date upon which labor or materials were last furnished," we conclude the trial court did not err in finding Plaintiff's lien defective where Plaintiff left off the date of the last furnishings of labor or materials.

*Id.* (emphasis in original, quotes and citations omitted).

This holding compels an analogous result in the instant case. Indeed, because of its effect upon the statutory time limit for filing a claim, and because the claim of lien cannot be amended, an incorrect final furnishing date renders a lien legally

defective just as does an omitted date.

Moreover, plaintiff's incorrect date was not an obvious scrivener's error. In *Canady v. Creech*, 288 N.C. 354 (1975), an erroneous date of final furnishing was so obvious that it could not mislead anyone and therefore did not render the claim of lien defective. *Canady*, 288 N.C. at 358. In that case, the listed date of final furnishing was subsequent in time to the claim's filing date, rendering the document internally incoherent, and therefore, any reader would have been on notice of an accidental scrivener's error. *Id.* at 356.

Likewise, in *Beach & Adams Builders, Inc. v. The Northwestern Bank,* 28 N.C. App. 80 (1975), the Court held that the plaintiff was bound by an incorrect date of last furnishing on his claim of lien where there was nothing on its face to indicate that the date was erroneous. To reach that holding, the Court distinguished *Canady* and *Strickland* to set out the following reasoning:

> In *Strickland*, we wrote that ". . . a lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed." We further held in *Strickland* that to force the examiner to go outside the record as filed would ". . . impose an undue burden on the title examiner, and would damage the principle of reliance upon the public record." We believe these principles remain sound in North Carolina after *Canady*, but for those rare instances in which an examiner should be able to detect errors which on the face of the record seem incongruous, obvious, self-apparent and easily reconcilable.

*Beach & Adams Builders, Inc.*, 28 N.C. App. at 84. So too here. Because the error was not obvious and self-apparent, these principles must apply.

- 10 -

Although in the instant case, neither defendant nor any third party was actually prejudiced by the incorrect date, this factor does not control our analysis. Substantial compliance with the filing requirements for claims of lien requires plaintiffs to record their claims "in sufficient detail to put interested parties, *or parties who may become interested*, on notice[.]" *Mebane Lumber Co.*, 270 N.C. at 341 (emphasis added). Indeed, as to any claim of lien, it has always been important to ensure that "[n]o one need misunderstand it who should become interested in the property." *Cameron v. Lumber Co.*, 118 N.C. 266, 268 (1896).

The requirement of accurate furnishing dates is grounded on the principle that inconsistent public records must be avoided, because such errors permit not only pleadings filed outside of statutory time limits but undue burdens on potential title examiners. The purpose, therefore, is the prevention of inaccurate or insufficient public notice. Regarding the previous form of the statute, which required of laborer's liens that "all claims shall be filed in detail, specifying the materials furnished or labor performed, and the time thereof," our Supreme Court held that:

> The obvious purpose of this requirement is to give public notice in the offices designated of the plaintiff's "claim," his debt, the amount of it, the materials supplied, or the labor done, when done, on what property, on what farm or crop, and when, specified with such detail and certainty as will give reasonable notice to all persons of the character of the claim and the property to which the lien on account of the same attaches; and of the lien thereby established.

*Cook v. Cobb*, 101 N.C. 68, 7 S.E. 700, 701 (1888).

Accordingly, because plaintiff's claim of lien contained incorrect dates and thereby failed to give either accurate or "reasonable notice to all persons of the character of the claim[,]" a valid lien was not established, and a lienor can neither perfect nor enforce a legally defective lien.

Therefore, the trial court erred in concluding that plaintiff's filing substantially complied with statutory requirements. For this reason, we vacate the court's order denying defendant's Motion and remand for entry of summary judgment in favor of defendant as to plaintiff's lien enforcement claim.

## B.   The Status Quo Order Should be Vacated

As a natural consequence of plaintiff's failure to establish a valid lien, the Clerk of Court is required to release defendant's bond. Despite plaintiff's successful litigation of his breach of contract claim, the methods to discharge claims of lien on real property pursuant to N.C.G.S. § 44A-16 are "not to provide a ready source of money for those who have been injured." *George v. Hartford Acc. & Indem. Co.*, 330 N.C. 755, 760 (1992). Instead, the bond's primary purpose is "to provide the landowner a convenient way to unburden the land while the lien claimant's claim is litigated." *Id.* "Because the bond acts as a substitute for the land, logic dictates that the lien claimant's right to make demand upon the bond accrues at the same time that he would have been able to enforce the lien against the land." *Id.* at 161.

Accordingly, plaintiff was required to prosecute and prevail on a lien claim to recover against this bond, and where a plaintiff had no valid claim of lien to enforce,

he is unable to do so. Plaintiff is still entitled to collect $53,410.76 pursuant to the jury's verdict, as a remedy for defendant's breach of contract. However, we vacate the Status Quo Order.

C.     The Denial of Defendant's Motion for Judgment on the Pleadings is Not Appealable

"[N]ormally an appeal does not lie from the denial of a motion for judgment on the pleadings." *Whitaker v. Clark,* 109 N.C. App. 379, 381 *cert. denied,* 333 N.C. 795 (1993) (citing *Barrier v. Randolph,* 260 N.C. 741, 743 (1963)). Such appeals are permitted only where "such order affects a substantial right." *Sherrill v. Amerada Hess Corp.*, 130 N.C. App. 711, 719 (1998).

> "[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726 (1990). The substantial right test is "more easily stated than applied." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208 (1978). And such a determination "usually depends on the facts and circumstances of each case and the procedural context of the orders appealed from." *Estrada v. Jaques*, 70 N.C. App. 627, 642 (1984).

*Wood v. McDonald's Corp.,* 166 N.C. App. 48, 54 (2004).

The pleadings in this case were clearly sufficient to state a claim for breach of contract and the jury found that plaintiff was entitled to recover on that breach. Therefore, we find that the denial of defendant's motion for judgment on the pleadings is moot, does not affect a substantial right and we dismiss the same.

III.     Conclusion

- 13 -

For the foregoing reasons, we reverse the court's denial of defendant's Motion for Summary Judgment as to plaintiff's lien enforcement claim, vacate the Status Quo Order, affirm the court's entry of judgment as to plaintiff's breach of contract claim, and remand for further proceedings.

REVERSED IN PART; AFFIRMED IN PART AND REMANDED.

Judges STROUD and COLLINS concur.